**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA )

vs. ) CRIMINAL ACTION NO. 25-00028-KD
)

XAVIAN SHAQUILLE BROWN )

Defendant. )

**DEFENDANT XAVIAN SHAQUILLE BROWN'S PSR POSITION**

Comes now, the Defendant, XAVIAN SHAQUILLE BROWN, in the above-styled cause, by and through counsel, Latisha V. Colvin, and hereby states the following Position with Regard to the Presentence Investigation Report (PSR).

1. Brown files the following objection to his PSR as required by the Eleventh Circuit:

> In determining a defendant's sentence, the district court 'may consider, without limitation, any information concerning the background, character and conduct of the defendant.' *See* U.S.S.G. § 1B1.4. Where a defendant fails to object to facts contained in his PSR before the sentencing court, those facts are deemed to have been admitted, and the district court may rely on them in imposing sentence. *United States v. Beckles*, 565 F.3d 832, 844 (11th Cir. 2009). If a defendant clearly and specifically objects to facts contained in the PSR, however, the district court may not rely on those facts at sentencing unless the government proves the disputed facts by a preponderance of the evidence. *United States v. McCloud*, 818 F.3d 591, 595-96 (11th Cir. 2016); *see also* Fed. R. Crim. P. 32(i)(3)(B) (stating that the district court 'must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing').

*United States v. Hunter*, 732 Fed. Appx. 771, 776 (11th Cir. 2018)(Emphasis added).

2. As to ¶ 7 in the PSR, Brown objects to the following offense level adjustment:

> **Adjustment for Role in the Offense:** The defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive; therefore, 4 levels are added. U.S.S.G. §3B1.1(a).

3. Brown refutes that he was an "organizer" or "leader" in the conspiracy. He submits that he largely conspired with codefendant Kaysia Turner, mainly prior to his enlistment into the U.S. Army in May of 2023, and that they worked together in the criminal activity. Brown states that he did not know all of the co-conspirators; and that of the ones that he did know, he did not lead or organize their actions.

Every co-conspirator had a specific role, such as "brokers", who purchased "lead sheets" containing identifying information of victims; "dialers", who cold-called the victims, and "runners", who essentially received money to be sent back to Jamaica. Brown states that his role in the conspiracy was a runner that received money physically and through multiple bank accounts, to later be sent to Jamaica. As noted in ¶ 14 of the PSR: "A financial analysis of Brown's bank accounts shows that cash and checks were deposited into his bank account, and the bank accounts of co-conspirators, and a significant amount of these funds were ultimately withdrawn via ATM or via peer-to-peer transfers, to locations outside of the United States - that is, Jamaica."

This lottery scheme, and the thousands of others like it, unfortunately are prevalent and far-reaching throughout Jamaica and the United States. Usually, the organizers and leaders are in

Jamaica. Xavian Brown played a specific role, as did the other co-conspirators, but he was not at the top of the conspiracy.[1]

4. As to ¶ 43 of the PSR, Brown clarifies that his daughter resides in Jamaica with Brown's mother.

Respectfully Submitted,

/s/Latisha V. Colvin
Latisha V. Colvin (COLVL9139)
Federal Defenders Organization, Inc.
11 North Water Street, Suite 11290
Mobile, AL 36602
(251) 433-0910 (telephone)
(251) 433-0686 (facsimile)

Attorney for XAVIAN SHAQUILLE BROWN

**CERTIFICATE OF SERVICE**

I do hereby certify that I have served a true and correct copy of the foregoing pleading on Assistant United States Attorneys Kasee Heisterhagen and Michael Anderson and USPO Jon Mark Cooley, by electronic delivery on this 25th day of September 2025.

/s/ Latisha V. Colvin
LATISHA V. COLVIN

[1] Of note, Brown participated in a "reverse proffer" with the government, during which time the government presented him with sentencing scenarios containing its guidelines calculations and recommendations for Brown if he were to plead guilty versus go to trial and lose. Neither scenario contained a leadership role enhancement. Mr. Brown executed and filed his plea agreement the same day.