**IN THE UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No. 25-CR-00028-KD** |
| | ) | |
| **XAVIAN BROWN** | ) | |

**UNITED STATES' SENTENCING MEMORANUDM**

Comes now the United States of America, by and through the United States Attorney, and submits this Sentencing Memorandum, stating as follows:

1. This case involves a fraud scheme in which the defendants targeted elderly individuals by informing them that they had won the Publishers' Clearing House, but that in order to obtain their winnings, they would have to pay the "taxes" in cash, money orders, or with pre-paid gift cards in advance. Brown orchestrated the scheme from Baldwin County, Alabama, and elsewhere, using co-conspirators to assist in obtaining money from the victims, the vast majority of whom were elderly. Based on his admissions in the factual resume, Brown admits that the appropriate loss range to be used in calculating his sentencing guidelines would be between \$3,500,000 and \$9,500,000 pursuant to U.S.S.G. § 2B1.1(b)(1)(J).

2. Restitution, however, is a separate calculation. Pursuant to the Mandatory Victims Restitution Act ("MVRA"), a judge is required to order restitution to compensate the full amount of each victim's losses, but restitution is not required to match the loss figure used for sentencing. 18 U.S.C. § 3663A; *U.S. v. Jones*, 289 F.3d 1260, 1265 (11th Cir. 2002).

3. In this case, twenty-one victims were willing to come forward and provide information about the amount of losses they suffered from the fraud as follows:

| Victim Initials | Amount of Loss |
|---|---|
| J.A. | $260,000.00 |
| J.B. | $69,084.04 |
| E.B. (Kentucky) | $18,000.00 |
| E.B. (Indiana) | $150,000.00 |
| B.C. | $10,000.00 |
| L.C. | $81,000.00 |
| C.D. | $42,000.00 |
| J.D. | $124,983.78 |
| L.E. | $130,000.00 |
| F.I. | $15,000.00 |
| M.K. | $500,000.00 |
| P.K. | $3,081.85 |
| V.K. | $257,767.27 |
| L.R. | $158,307.00 |
| L.M. | $800,000.00 |
| J.M. | $452,525.22 |
| S.N. | $20,000.00 |
| W.T. | $286,062.96 |
| R.T. | $700,000.00 |
| C.V. | $335,000.00 |
| S.P. (deceased) | $63,100 |

4. The underlying fraud scheme was essentially a "hub and spoke" conspiracy with Xavian Brown at the center and his co-conspirators as the "spokes." The participants

in this conspiracy also defrauded common victims, thus there is overlap between the co-conspirators and the victims they defrauded.

5. A district court may impose joint and several liability for restitution obligations. *U.S. v. Dotson*, 635 F. Supp. 3d 1326, 1333 (M.D. Fla. 2022); *U.S. v. Grady*, 18 F.4th 1275, 1288-89 (11th Cir. 2021). In this case, Xavian Brown orchestrated the fraud scheme, thus restitution order as to Brown should be entered jointly and severally with each of the other co-defendants (and as to the co-defendants, their restitution orders should reflect the level of their involvement in the scheme). Further, restitution should be awarded based on the amount of loss caused by a defendant's conduct. *U.S. v. Huff*, 609 F.3d 1240, 1247 (11th Cir. 2010).

6. The total amount of restitution to be paid by Smith is **$ 4,475,912.12**. For these reasons, the United States respectfully requests that restitution be ordered as to Defendant Xavian Brown as set forth herein, jointly and severally with each of the remaining co-defendants.[1]

Respectfully submitted this the 20th day of November, 2025.

SEAN P. COSTELLO
UNITED STATES ATTORNEY

By: */s/ Kasee S. Heisterhagen*
Kasee S. Heisterhagen
Assistant United States Attorney

[1] Defendant Romario Nembhard was ordered to pay 10% of the total outstanding restitution jointly and severally with Brown. It is anticipated that each of the other co-defendants will also be ordered to pay 10% of the total outstanding restitution amount jointly and severally with Brown, with the exception of Kaysia Turner, who is expected to be ordered to pay 50% of the total outstanding restitution debt jointly and severally with Brown.